UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY L. FELIX, JR.,

        Plaintiff,

    v.                                      Case No. 15-CV-1022

WISCONSIN UNEMPLOYMENT
INSURANCE DIVISION,

        Defendant.

## ORDER

In August 2015 pro se plaintiff Timothy Felix filed a complaint alleging that defendant State of Wisconsin Unemployment Insurance Division (the Division) wrongfully refused to pay him unemployment benefits. (ECF No. 1.) On October 30, 2015, the Division moved to dismiss the complaint. (ECF No. 13.) In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 10.) Because the Division is not a suable entity and because Felix's claim is barred under the Eleventh Amendment, the motion must be granted.

When a complaint "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss it. Fed. R. Civ. P. 12(b)(6). A motion to dismiss challenges not the merits of the suit but the sufficiency of the complaint. *Five Star Airport Alliance, Inc. v. Milwaukee Cnty.*, 939 F. Supp. 2d 936, 937 (E.D. Wis. 2013) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). To avoid dismissal, a complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The court presumes that all of Felix's allegations are true and will draw all reasonable inferences in his favor. *Suesz v. Med-1 Sols., LLC*, 757 F.3d 636, 638 (7th Cir. 2014).

Federal Rule of Civil Procedure 17(b) provides that a party's capacity to be sued is determined "by the law of the state where the court is located," which in this case is Wisconsin. *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999). The complaint names only the Division as defendant. (ECF No. 1.) However, the Division is not a "principal administrative unit" within the Wisconsin state executive branch. Wis. Stat. § 15.02(2). It is a subunit within the Department of Workforce Development. Wis. Admin. Code § DWD 140.001(2)(ar). Only a principal administrative unit of the Wisconsin government may be sued. *See Bell v. Dep't of Vocational Rehab.*, No. 11-C-598,

2011 WL 5921369, at *2-3 (E.D. Wis. Nov. 28, 2011) (unpublished). Because the Division is not such an entity, it cannot be sued. *Id.*

A plaintiff is ordinarily offered an opportunity to amend his complaint and name the correct defendant. *See Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) ("[A] plaintiff's right to amend as a matter of course survives a motion to dismiss…."). But Felix's claim is also barred under the Eleventh Amendment. Therefore, the complaint must be dismissed with prejudice. That is to say, Felix may not file an amended complaint.

The Eleventh Amendment bars a citizen from suing a state (and its agencies and state officials acting in their official capacity) in federal court unless the state waived sovereign immunity, Congress abrogated the immunity, or the plaintiff "seeks prospective equitable relief for ongoing violations of federal law…under the *Ex Parte Young* doctrine." *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). Felix does not cite any authority establishing that one of these exceptions to Wisconsin's sovereign immunity applies here nor is this court aware of any such authority. To the contrary, a similar complaint was dismissed under the Eleventh Amendment where a Wisconsin citizen sought unemployment benefits from a Wisconsin state agency. *Exum v. Unemployment Ins., Bureau of Ben. Operation*, No. 05C0843, 2006 WL 1049589, at *1 (E.D. Wis. Apr. 18, 2006) (unpublished). Accordingly, Felix's claim is constitutionally barred.

**IT IS THEREFORE ORDERED** that the defendant's Motion to Dismiss (ECF No. 13) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Discovery Date (ECF No. 17) is **denied** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's complaint and this action are **dismissed** with prejudice. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of December, 2015.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge